## Appeal of Philadelphia & Reading Coal & Iron Company. No. 1

*J. O. Ulrich*, for school district.

*Penrose Hertzler* and *M. M. Burke*, for appellant.

HICKS, P. J., February 25, 1935.—On June 4, 1934, the county commissioners, sitting as a board for the revision, correction and equalization of the valuation of all property taxable by law in Schuylkill County, at the triennial assessment for the years 1934, 1935, and 1936, notified the appellant that they had finally fixed the value of its property in the Borough of Tamaqua at $468,100. Feeling aggrieved by this assessment, the said owner appealed to this court on June 30, 1934. According to the record and briefs of counsel placed in our hands, sometime later, it does not appear when, in pursuance of the last proviso of sec-

tion 518 of the Act of May 22, 1933, P. L. 853, the appellant paid to the pro-
thonotary of this court the sum of $9,896.61 as and for the taxes alleged to be
due to the School District of the Borough of Tamaqua by reason of the assess-
ment appealed from. On October 22, 1934, a motion was filed by the attorney
for the school district for an order of this court directing the prothonotary to
pay the said sum to his client.

The bases of the motion, grouped by us, are: (1) The prothonotary had no
legal right to receive and the appellant no legal right or authority to pay, the
said money into court; (2) the record does not show that the amount paid is
the amount of the taxes due the school district by reason of the assessment
from which the company appealed; (3) the record contains no averment that
there is any dispute between the appellant and the school district as to the taxes
due for the year 1934 or that any portion of it is reasonably free from dispute
by the school district so that the court may allocate to the district such undis-
puted portion. An answer was filed by the appellant which is in effect a
demurrer.

It is not disputed that the Philadelphia & Reading Coal & Iron Company
appealed from the valuation of its lands in the Borough of Tamaqua, as deter-
mined by the board of revision for the triennial assessment of 1934, in pur-
suance of the provisions of the Act of May 22, 1933, P. L. 853, sec. 518. It is
further quite obvious and so asserted by the appellant that, in pursuance of
that section, it paid to the prothonotary of this court, pending disposition of
the appeal, the sum of $9,896.61 as the "amount of the tax alleged [by it] to be
due [to the Tamaqua School District] by reason of the assessment appealed
from."

Section 518 of the Act of 1933, supra, after providing for the appeal from
the board of revision to the court of common pleas, continues: "Provided, how-
ever, That the appeal shall not prevent the collection of the taxes complained
of, but in case the same shall be reduced, then the excess shall be returned to
the person or persons who shall have paid the same: And provided further,
That the appellant may pay the amount of the tax alleged to be due by reason
of the assessment appealed from into the court to which such appeal is taken,
whereupon said court shall allocate and pay over to the proper authorities such
amount of said tax as shall appear to said court to be reasonably free from dis-
pute, and the remainder of the amount paid in shall be held by the court pend-
ing the final disposition of the appeal."

Taking up the reasons assigned by the school district for the desired action,
it is urged that the prothonotary of this court, in which the appeal was pending,
had no right in law to receive the money, and the appellant had no right, power
nor authority to pay this sum of $9,896.61 into court. In its brief, the school
district argues that one, and the principal one, of the reasons for this conten-
tion is that it does not appear that this sum is due to it by reason of the said
assessment appealed from. If this argument is valid, and if the prothonotary
had no right to receive nor the company to pay the sum into court, then upon
what ground can the district expect to receive by order of this court what does
not belong to it? If this position of the school district is correct, then the
appellant vainly paid its money to an officer of this court, and its efforts to
obtain the benefits of section 518, supra, were abortive. And if so, following
this reasoning to a logical conclusion, the money would belong to the appellant
and there would be no authority in law for us to give what is appellant's to
the school district to which, in such event, it would not belong. If its contention
is sound, and if it was not paid into court under the said act of assembly, then

through what legal legerdemain does the school district obtain the right to this money? The school district surely cannot seriously maintain this position. If the appellant has not brought itself within the provisions of section 518, supra, in paying this money into court, then the benefits of the last proviso of the said section cannot be claimed by it, and the school district in such event should through its tax collector collect according to law as from a delinquent taxpayer the unpaid school taxes owing by it. For under such circumstances, the following proviso of section 518 would obtain: "Provided, however, That the appeal shall not prevent the collection of the taxes complained of, but in case the same shall be reduced, then the excess shall be returned to the person . . . who shall have paid the same."

But this whole contention of the school district is wholly incongruous with the third reason in support of its motion and persuades us that it is not seriously made as we will show when we discuss this reason.

The second reason is that the "record contains no averment by the appellant that the amount paid into court is the amount of the tax due said school district by the appellant by reason of the assessment from which it appealed". Let us see. In the brief of the school district appears the following: "The petition [of appellant] avers that the triennial assessment for 1934, 1935 and 1936 was made in 1934; that in such assessment the petitioner was assessed for $468,100; that the petitioner appealed from such assessment; that the taxes levied by the School District of Tamaqua for 1934 amount to $9,896.61 and that the petitioner desires to pay said tax into court", which it is admitted it did. The very brief of the school district exhibits, in the foregoing, the unsoundness of its second reason.

The third reason is that the record shows no averment that there is any dispute between the appellant and the school district as to the taxes due for the year 1934 or that any portion of it is reasonably free from dispute by the school district so that the court may allocate to the district such undisputed portion. Thus frankly, the school district tacitly admits that the appellant appealed from the 1934 assessment and paid into court, under section 518, the taxes alleged to be due by reason of the assessment appealed from. But its quarrel is that the appellant did not stipulate what, if any, of the school taxes is undisputed or reasonably free from dispute.

Section 518, supra, provides, after the payment into court of the taxes alleged to be due by reason of the assessment appealed from, that the "court shall allocate and pay over to the proper authorities such amount of said tax as shall appear to said court to be reasonably free from dispute, and the remainder of the amount paid in shall be held by the court pending the final disposition of the appeal." The procedure to be followed by the court in making its determination of the sum to be allocated and paid over is not provided. What the legislature had in mind we have no means of knowing, but that it is difficult of determination in practice, unless by agreement of interested parties, is quite apparent to the judges in the anthracite coal fields where numerous tax appeals clog the machinery of the courts. If the parties do not agree as to the amount reasonably undisputed, orderly procedure would indicate a petition on the part of one of them requesting the court for its determination. A hearing must then be had, and how the trial of the tax appeal in such proceeding could be avoided, while the same tax appeal was pending in the same court along prescribed statutory procedural steps, is beyond our comprehension. The court under this proviso must determine the amount of taxes reasonably undisputed

on an assessment appealed from. How it could determine it without fixing the valuation of the appellant's lands is not easy to answer, and, by doing so, it would be actually trying a tax appeal.

However that may be, and it is a matter for the serious consideration of the legislature, the appellant in this case was not required under the law to aver that there was any dispute between it and the school district as to the tax due for the year 1934, or that any portion of it was reasonably free from dispute.

And now, February 25, 1935, the motion of the School District of the Borough of Tamaqua is overruled. Costs to be paid by it.